UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO.  3:00CR236(CFD) |
| DAVID PAYNE | : | December 19, 2005 |

<u>MEMORANDUM REGARDING DISPOSITION OF SUPERVISED RELEASE VIOLATION</u>

David Payne has been ordered to show cause why his supervised release should not be revoked. He is scheduled to appear on Tuesday, December 20, 2005 for a hearing.  He intends to admit to a violation.  The factual background of the violation is as follows.

Mr. Payne commenced two concurrent one year terms of supervised release on June 18, 2004. He relocated to Maryland upon his release from incarceration and therefore his supervision was transferred to that District (although this Court retained jurisdiction).  He was ordered to pay $100 per month of restitution in each case, for a total of $200 a month.  Mr. Payne told his probation officer that he was sending his payments as directed by money order each month.  The total which should have been sent was $1,800.  As Mr. Payne's term of supervised release was about to end, the probation officer sought confirmation of payments from the clerk's office in this District, only to be told that no payments had been received.  Mr. Payne was thereupon confronted by his probation officer.  Mr. Payne insisted at that time that he had sent money orders.  It was eventually determined that Mr. Payne had not sent the money orders but instead had kept them for his own use.  He will admit his transgression at the time of the hearing.  Mr. Payne has, in the meantime, forwarded $1,800 to the Court via United States Probation Officer Mark Myers in this District as partial atonement for said transgression.

Mr. Payne worked in Washington D.C. after his release from incarceration, earning near minimum wage ($8 an hour), on behalf of a personal trainer.  At the same time, he worked very hard during that year in a six month (500 hour) course to become a certified personal trainer himself.  He recently obtained a new position as a personal trainer and is now receiving significantly more income. Attached hereto are (1) a letter from his former employer and (2) a copy of his most recent pay stub from his new employer reflecting his present earnings.  He is now in a greatly improved position to

- 2 -

make restitution payments.

Pursuant to Federal Rule of Criminal Procedure 32.1(b), this Honorable Court must conduct a revocation hearing. That hearing will take place on December 20, at which time Mr. Payne will admit to violating his conditions of supervised release by not paying restitution as directed and not being truthful with his probation officer about the situation. Pursuant to Federal Rule of Criminal Procedure 32.1(d) and 18 U.S.C. § 3583(e), after determining that Mr. Payne has violated his conditions of supervised release, the Court must choose from several options regarding the consequence(s) of the violation. In that regard, the Court is not compelled to make a decision on the day of the hearing. Rather, akin to the common practice of taking a guilty plea and then taking the disposition of the case under advisement, the Court can take under advisement which of the 18 U.S.C. § 3583(e) options is, per Rule 32.1(d), the most appropriate. Mr. Payne, without objection from Counsel for the Government (and without objection from the United States Probation Office), respectfully proposes the following course of action. Schedule this matter for disposition on December 20, 2006 (i.e., one year from now) and place Mr. Payne on a substantial nonsurety bond which obligates him, in addition to the standard conditions of release, (1) to report to USPO Myers in this District as directed and (2) to pay $200 in restitution per case, for a total of $400, per month on the first of each month for one year by forwarding a money order each month to this District in care of USPO Myers.

Respectfully submitted,

The Defendant,
David Payne

Thomas G. Dennis
Federal Defender


Dated: December 19, 2005                    /s/_____
                                            Gary D. Weinberger
                                            Asst. Federal Defender
                                            10 Columbus Blvd, FL 6
                                            Hartford, CT  06106-1976
                                            Bar No. ct05085
                                            (860) 493-6260
                                            Email: gary.weinberger@fd.org

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum has been sent by facsimile and mailed to Deborah R. Slater, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, and Mark D. Myers, United States Probation Officer, 157 Church Street, New Haven, CT 06510, on this 19 day of December 2005.


/s/_____
Gary D. Weinberger